### M. S. HACKLER v. J. E. EVANS.
#### No. 13,915. ( 79 Pac. 669.)

Error from Marion district court; Oscar L. Moore, judge. Opinion filed February 11, 1905. Affirmed.

*W. H. Carpenter,* for plaintiff in error.

*Keller & Dean,* for defendant in error.

*Per Curiam:* This was an action in replevin to recover certain articles of personal property taken by the defendant in error, Evans, sheriff of Marion county, under an execution against John C. Morton and his wife, Julia A. Morton. The issues raised by the pleadings were only those arising from the naked legal allegations of the petition claiming that these articles were wrongfully detained by the sheriff, and that the plaintiff was entitled to immediate possession, and of the answer, containing a general denial.

From the statements of fact made by attorneys to the jury it appears that the plaintiff, Hackler, claimed that the Mortons, being indebted to him in quite a large sum of money, sold the property in dispute to him in satisfaction of the debt; that a bill of sale evidencing such transfer of title was at the time made and thereafter filed for record in the office of the register of deeds of the county, and the property turned over to the plaintiff and by him placed in the care of a son of the Mortons. The claim of the defendant was that he had levied an execution in favor of a judgment creditor and against the Mortons upon the property in question, upon the theory that the transaction between the plaintiff, Hackler, and the Mortons was not a *bona fide* one; that no title actually passed to Hackler, and that the pretended change of possession was merely colorable; that the entire transaction was one designed to hinder and delay the creditors of the Mortons in the collection of their debts. The jury found for the defendant, and judgment was entered on the verdict.

The plaintiff's first claim of error is that there was no evidence warranting this verdict. The defendant introduced no evidence except the execution under which the property was seized and an admission that this execution

was based upon a valid judgment. He relied upon plaintiff's testimony to establish his claim of fraud. We think there was sufficient in this to warrant the verdict of the jury. Indeed, after a careful reading of the evidence, the conclusion of the jury commends itself to us.

Complaint is also made that the court told the jury in its instructions that the execution plaintiff was "the real party in interest as defendant," and, further, told the jury that this execution plaintiff was making the defense. It, however, had not been formally substituted as the party defendant under the provisions of section 4473 of the General Statutes of 1901. No prejudicial error, however, can be perceived from this instruction. The defense was in every respect made as though a substitution had been made, and all rights of the plaintiff were as available to them. Nor did the plaintiff suffer any injury because the jury were told in an instruction that the plaintiff's claim was that the change of possession came about by reason of the turning over of the property by the Mortons to their son directly, when their claim was that the possession was delivered by the Mortons to Hackler, and by him to the son. The evidence shows that whatever was done in the matter of the change of possession was purely technical. The property to all outward appearances remained in exactly the same position as before the alleged sale.

Fault is found with the giving of an instruction that even though the bill of sale was intended as a mortgage, and not as evidencing an absolute sale of the property, the the plaintiff could not recover, the objection to this being that there was no evidence to sustain the theory that it was intended as a mortgage. We think that there was some evidence tending to support that theory, but even if there were not we fail to see how the plaintiff could have been injured by the instruction.

We think the issues were fairly presented to the jury, and their finding fairly sustained by the evidence. The judgment is affirmed.